# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIO FELIPE, | CASE NO. 1:06-CV-00086 AWI LJO P |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| T. SURGEES, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | |

I.      Screening Order

    A.      Screening Requirement

Plaintiff Rosalio Felipe ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 27, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

B.    <u>Summary of Plaintiff's Complaint</u>

The events at issue in the instant action allegedly occurred at the California Correctional Institution, where plaintiff is presently incarcerated. Plaintiff names T. Surgees with the Inmate Appeals Branch in Sacramento, Warden W. J. Sullivan, Appeals Coordinator S. Whitlach, Chief Deputy Wardens J. L. Cobb and K. Todd, Facility Captain M. Carrasco, Correctional Lieutenants R. L. Johnson and G. Hartgrove, Correctional Counselor D. Chapman, Correctional Officers B. Silva, R. Rune, and John Doe, and maintenance mechanics J. Gracey and B. Barns as defendants. Plaintiff alleges that his rights under the Due Process Clause of the Fourteenth Amendment were violated during his placement and retention in Administrative Segregation, his disciplinary hearing for possession of a weapon, and his placement in the Security Housing Unit for a term of ten months.

1   On July 10, 2004, plaintiff notified defendant Tune that when the toilet was flushed in the

2   cell next to his, the water would rise in his cell's toilet, causing an overflow. A little later,

3   defendants Tune, Doe, Gracey, and Burns arrived. Plaintiff and his cellmate were removed from

4   their cell and defendants Gracey and Burns utilized a snake to clear the toilet. Plaintiff was able to

5   observe them removing "trash items" from the toilet. Plaintiff and his cellmate were subsequently

6   handcuffed and removed.

7   Plaintiff was thereafter placed in administrative segregation (ad-seg) on the order of

8   defendant Johnson. The next day, July 11, 2004, plaintiff appeared before defendant Carrasco for

9   an administrative hearing on his ad-seg placement. On July 15, 2004, plaintiff appeared before

10  defendants Carrasco and Todd for an initial review of his placement in ad-seg. Plaintiff was

11  informed that a CDC-115 (Rules Violation Report) had been issued against him for possession of

12  a weapon. On July 16, 2004, plaintiff was provided with the crime/incident report packet approved

13  by defendant Johnson, which contained a CDC-115 for possession of a weapon and another one for

14  "dangerous property." Plaintiff alleges that defendant Chapman retaliated against him and conspired

15  to keep him in ad-seg by reclassifying the CDC-115 to possession of a weapon.

16  On July 22, 2004, defendant Silva identified himself as the investigative employee and stated

17  he would interview all relevant witnesses requested by plaintiff and collect evidence. On August 10,

18  2004, defendant Silva provided plaintiff with an incomplete and insufficient investigation report.

19  On August 16, 2004, defendant Hartgrove conducted plaintiff's disciplinary hearing and

20  found plaintiff guilty of possession of a weapon. On October 7, 2004, plaintiff appeared before

21  defendants Carrasco and Todd, and was assessed a ten-month Security Housing Unit term. Plaintiff

22  subsequently appealed the guilty finding, but his appeal was denied at the second level of review by

23  defendants Whitlach and Cobbs, and denied at the third level of review by defendant Surges.

24      C.   Plaintiff's Claims

25          1.   Placement and Retention in Administrative Segregation

26  The Due Process Clause protects against the deprivation of liberty without due process of

27  law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due

28  Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

3

1    protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

2    law.  Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not

3    confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

4    Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Under state law, the

5    existence of a liberty interest created by prison regulations is determined by focusing on the nature

6    of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Such interests are limited to

7    freedom from restraint which "imposes atypical and significant hardship on the inmate in relation

8    to the ordinary incidents of prison life."  Id. at 484.

9        Plaintiff has not alleged any facts supporting a claim that he has a protected liberty interest

10   in remaining free from ad-seg.  Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)

11   (convicted inmate's due process claim fails because he has no liberty interest in freedom from state

12   action taken within sentence imposed and administrative segregation falls within the terms of

13   confinement ordinarily contemplated by a sentence) (quotations omitted).  Without establishing the

14   existence of a protected liberty interest, plaintiff may not pursue a claim that he was denied

15   procedural due process.

16       Further, due process requires only that prison officials "hold an informal nonadversary

17   hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the

18   prisoner of the charges against [him] or the reasons for considering segregation," and that the

19   prisoner be allowed "to present his views."  Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th

20   Cir. 1986).  Prisoners are not entitled to "detailed written notice of charges, representation by counsel

21   or counsel substitute, an opportunity to present witnesses, or a written decision describing the

22   reasons for placing the prisoner in administrative segregation."  Id.  Although plaintiff disagrees with

23   the decision to retain him in ad-seg, plaintiff's allegations establish that he was provided with all the

24   process he was due under federal law regarding his placement in ad-seg.  Therefore, even if plaintiff

25   had alleged facts sufficient to establish the existence of a liberty interest in remaining free from ad-

26   seg, plaintiff was not deprived of his liberty interest without due process of law.

27   ///

28   ///

4

1          2.     Disciplinary Hearing

2          As a result of being found guilty of possession of a weapon, plaintiff was assessed a ten-

3    month SHU term.  Plaintiff has not alleged any facts supporting the existence of a liberty interest in

4    remaining free from the SHU.  Without establishing the existence of a protected liberty interest in

5    remaining free from the SHU, plaintiff may not pursue a claim for denial of due process.

6          Further, assuming for the sake of argument that plaintiff had a protected liberty interest at

7    stake, plaintiff has not alleged he was deprived of the procedures he was due under federal law.

8    "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights

9    due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556

10   (1974).  With respect to prison disciplinary proceedings, the minimum procedural requirements that

11   must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner

12   receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3)

13   a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary

14   action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so

15   would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance

16   to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Id. at 563-

17   71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.

18   Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).  In this instance, plaintiff's allegations do

19   not indicate that these minimal factors were not met.  Plaintiff's disagreement with defendant

20   Hartgrove's decision, particularly the decision to believe defendant Gracey and disbelieve plaintiff,

21   does not support a claim that defendant Hartgrove conducted a disciplinary hearing that did not

22   provide plaintiff with the process he was due.

23          3.     Claim Against Defendants Whitlach, Cobb, and Surgees Arising from
                   Resolution of Plaintiff's Inmate Appeal
24
           Plaintiff's due process claim against defendants Whitlach, Cobb, and Surgees is premised
25
     on their involvement in reviewing and resolving his inmate appeal.  Plaintiff alleges that they failed
26
     to rectify the due process violations he complained of in his appeal relating to his disciplinary
27
     hearing.
28

1    "[A prison] grievance procedure is a procedural right only, it does not confer any substantive

2    right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.

3    DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th

4    Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance

5    procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

6    confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence,

7    it does not give rise to a protected liberty interest requiring the procedural protections envisioned by

8    the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F.

9    Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve

10   as the basis for liability in this action. Buckley, 997 F.2d at 495. Accordingly, plaintiff's attempt

11   to state a due process claim against these defendants as a result of their consideration and denial of

12   his inmate appeal is not cognizable under section 1983.

13                    4.    Claim Against Defendant Sullivan

14   Finally, plaintiff names Warden Sullivan as a defendant. Under section 1983, liability may

15   not be imposed on supervisory personnel for the actions of their employees under a theory of

16   respondeat superior. When the named defendant holds a supervisorial position, the causal link

17   between the defendant and the claimed constitutional violation must be specifically alleged. See

18   Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

19   1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for

20   supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally

21   participated in the alleged deprivation of constitutional rights; knew of the violations and failed to

22   act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is

23   a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

24   Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880

25   F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must

26   be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit,

27   507 U.S. 163, 168 (1993).

28   ///

                                              6

1    As a threshold matter, plaintiff's complaint does not state a claim against any other defendant

2    for denial of due process.  Therefore, there is no underlying claim upon which to base a supervisory

3    liability claim against defendant Sullivan.  Further, this deficiency aside, plaintiff has not alleged any

4    facts supporting a claim that defendant Sullivan personally participated in the alleged deprivation

5    of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

6    "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and

7    is 'the moving force of the constitutional violation.'"  Hansen v. Black at 646.  Rather, plaintiff's

8    claim against defendant Sullivan is premised on his position as warden and his alleged failure to

9    supervise and/or control the actions of his subordinates.  Accordingly, plaintiff fails to state a claim

10    against defendant Sullivan under section 1983.

11        D.    Conclusion

12    The court finds that plaintiff's complaint does not contain any claims upon which relief may

13    be granted under section 1983.  The court will provide plaintiff with the opportunity to file an

14    amended complaint curing the deficiencies identified by the court in this order.

15    Plaintiff is informed he must demonstrate in his complaint how the conditions complained

16    of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

17    227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

18    involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

19    connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

20    362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

21    743 (9th Cir. 1978).

22    Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

23    complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint

24    supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

25    plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

26    Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

27    of each defendant must be sufficiently alleged.

28    ///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2.     The Clerk's Office shall send plaintiff a civil rights complaint form;

3.     Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.     If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    October 2, 2006**                    /s/ Lawrence J. O'Neill
b9ed48                                                        UNITED STATES MAGISTRATE JUDGE