UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIO FELIPE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. SURGEES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00086-AWI-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED ON PLAINTIFF'S RETALIATION CLAIMS, AND PLAINTIFF'S CONSPIRACY AND DUE PROCESS CLAIMS BE DISMISSED, WITH PREJUDICE<br><br>(Doc. 18) |

I.　Findings and Recommendations Following Screening of Amended Complaint

　　A.　Screening Requirement

Plaintiff Rosalio Felipe ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 27, 2006. On October 2, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on November 27, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at the California Correctional Institution, where plaintiff was incarcerated at the time. Plaintiff names Correctional Officer R. Tune, maintenance mechanics J. Gracey and B. Barns, Lieutenant R. L. Johnson, Captain M. Carrasco, Counselor D. Chapman, Correctional Officer B. Silva, Lieutenant G. Hartgrove, Chief Deputy Wardens K. Todd and J. L. Cobb, Appeals Coordinator S. Whitlach, and Correctional Officers V. Resendez, Bowers, and John Doe as defendants. Plaintiff alleges claims for relief for retaliation, conspiracy, and denial of due process, and seeks monetary and declaratory relief.

Plaintiff's claims arise from two separate incidents. The first began on July 10, 2004, when plaintiff was placed in administrative segregation ("ad-seg") after a weapon was allegedly found in plaintiff's cell toilet. Plaintiff was found guilty of possession of a weapon at a disciplinary hearing held on August 26, 2004, and assessed a ten month Security Housing Unit ("SHU") term. Plaintiff alleges that the weapon was planted and the evidence against him fabricated, in retaliation for the exercise of his First Amendment rights.

The second incident occurred on June 17, 2005. Plaintiff alleges that defendants Resendez, Bowers, and Chapman were involved in planting pruno in his cell in retaliation for a group appeal plaintiff had filed. As a result, plaintiff was found guilty of a Serious Rules Violation.

### C. Plaintiff's Claims

#### 1. Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff's allegations that he was set up for placement in ad-seg and the imposition of a SHU term in retaliation against him for his jailhouse and Men's Advisory Committee activities are sufficient to give rise to a claim for relief under section 1983 against defendants Tune, Gracey, Barns, Johnson, Carrasco, Chapman, Silva, Hartgrove, Todd, and John Doe.[1] Further, plaintiff's

///

---

[1] There are no facts which support a claim that defendants Whitlach and Cobbs retaliated against plaintiff.

allegations that defendants Resendez, Bowers, and Chapman planted pruno in his cell in retaliation for the inmate appeals he filed are sufficient to give rise to a claim for relief under section 1983.

### 2. Conspiracy Claim

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Although plaintiff alleges a conspiracy to violate his rights, plaintiff's amended complaint is devoid of any facts supporting the existence of a conspiracy between defendants.

### 3. Due Process Claims

#### a. Placement and Retention in Administrative Segregation

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts supporting a claim that he has a protected liberty interest in remaining in general population and free from placement in ad-seg. Sandin, 515 U.S. at 484, 115 S.Ct. at 2300; Myron v. Terhune, 476 F.3d at 718; see also May v. Baldwin, 109 F.3d 557, 565 (9th

Cir. 1997). Because plaintiff has not alleged any facts supporting the existence of a protected liberty interest, plaintiff may not pursue a claim that he was denied procedural due process with respect to his placement and retention in ad-seg.

      b.  SHU Term

As a result of being found guilty of possession of a weapon, plaintiff was assessed a ten-month SHU term. Plaintiff has not alleged any facts supporting the existence of a liberty interest in remaining free from the SHU. Without establishing the existence of a protected liberty interest in remaining free from the SHU, plaintiff may not pursue a claim for denial of due process.

      c.  Claim Arising from Resolution of Plaintiff's Inmate Appeal

Plaintiff is attempting to impose liability on defendants Whitlach and Cobb based on their involvement in addressing his inmate appeal. Plaintiff alleges that because defendants did not "rectify" the situation via the appeals process, they are responsible for violating his rights. (Doc. 18, 23:7.)

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability in this action. Buckley, 997 F.2d at 495. Accordingly, plaintiff's attempt to state a due process claim against these defendants as a result of their consideration and denial of his inmate appeal fails as a matter of law.

    4.  Claim for Declaratory Relief

Plaintiff seeks a declaratory judgment, in addition to money damages. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial

5

discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. Accordingly, a declaration that defendants violated plaintiff's rights is unnecessary.

### D. Conclusion

Plaintiff's amended complaint sets forth facts sufficient to give rise to claims for relief under section 1983 against defendants Tune, Gracey, Barns, Johnson, Carrasco, Chapman, Silva, Hartgrove, Todd, John Doe, Resendez and Bowers for retaliation, in violation of the First Amendment. However, plaintiff's amended complaint does not set forth sufficient facts to give rise to claims for relief for conspiracy and denial of due process. Plaintiff was previously given leave to amend to cure these deficiencies, but failed to do so. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's amended complaint, filed November 27, 2006, against defendants Tune, Gracey, Barns, Johnson, Carrasco, Chapman, Silva, Hartgrove, Todd, John Doe, Resendez and Bowers for retaliation, in violation of the First Amendment;

2. Plaintiff's conspiracy and due process claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

3. Plaintiff's declaratory relief claim be dismissed; and

4. Defendants Whitlach and Cobb be dismissed from this action based on plaintiff's failure to state a claim upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3 1153 (9th Cir. 1991).

5     IT IS SO ORDERED.
6     Dated:   **April 10, 2007**                  /s/ **Dennis L. Beck**
                                                                   UNITED STATES MAGISTRATE JUDGE