# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIO FELIPE,<br><br>        Plaintiff,<br><br>   v.<br><br>T. SURGEES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-00086-LJO-GSA PC<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE SURREPLY WITHIN THIRTY DAYS<br><br>(Doc. 52)<br><br>ORDER DENYING MOTION TO STAY DISCOVERY<br><br>(Doc. 47) |

**I.     Order Granting Leave to File Surreply and Denying Motion for Stay**

    **A.     Surreply**

On August 12, 2008, Defendants filed a motion to dismiss one of Plaintiff's claims for failure to exhaust. Plaintiff filed an opposition on September 8, 2008, and Defendants filed a reply on September 30, 2008.

Defendants' reply includes additional evidence, submitted in response to Plaintiff's opposition. Therefore, Plaintiff is granted leave to file a surreply addressing that evidence. If Plaintiff chooses to file a surreply, it must be filed within thirty days from the date of service of this order.

    **B.     Stay of Discovery**

On August 21, 2008, Plaintiff filed a motion seeking to stay discovery following his placement in administrative segregation without his legal material. The Court cannot stay discovery indefinitely. Plaintiff's motion provides no indication when he might gain access to his legal

1

material or what the rules are governing access to legal material in ad-seg. It is the Court's general understanding that ad-seg placement does not lead to the complete denial of access to legal material for the duration of ad-seg placement. This understanding is supported by section 3164(a) of Title 15, which states that access to the courts will not be limited by ad-seg confinement. Cal. Code Regs., tit. 15 § 3164(a) (West 2008). Should a pending deadline arise, such as that above, while Plaintiff is without access to his material, Plaintiff may seek an extension of time to comply.

Plaintiff is entitled to seek an extension of the discovery deadline should he be unable to conduct discovery as a result on his ad-seg placement. However, the deadline is not until February 12, 2009, which leaves ample time for Plaintiff's property issues to be resolved. If Plaintiff is still without access to his legal material as the deadline approaches, he may file a motion seeking an extension of the deadline. The Court finds a request at this time to be premature given that the deadline is four months away.

### C.   Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a surreply;
2. If Plaintiff opts to file a surreply, it must be filed within **thirty (30) days** from the date of service of this order; and
3. Plaintiff's motion for a stay of discovery, filed August 21, 2008, is DENIED, without prejudice to renewal via a motion for an extension of the deadline filed closer to the current deadline of February 12, 2009.

IT IS SO ORDERED.

Dated:   **October 9, 2008**            /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE