**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIO FELIPE,  )<br>　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　)<br>　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>T. SURGEES, et al.　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　Defendants.　　　　　)<br>　　　　　　　　　　　　　　) | No. 1:06-CV-00086-CKJ<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Judgment on the Pleadings [Doc. # 46]. Plaintiff has filed a response and a sur-reply; Defendants have filed a reply.

*Factual and Procedural Background*

On January 27, 2006, Rosalio Felipe ("Felipe") filed a Complaint in the United States District Court for the Eastern District of California. Felipe alleged claims against T. Surgees, W. J. Sullivan, S. Whitlach, J. L. Cobb, K. Todd, M. Carrasco, R. L. Johnson, D. Chapman, G. Hartgrove, B. Silva, J. Gracey, B. Barns, R. Tune, and a John Doe related to the alleged finding of a weapon in Felipe's toilet on July 10, 2004, and the related administrative proceedings. Specifically, Felipe alleged that his rights under the Due Process Clause of the Fourteenth Amendment were violated during his placement and retention in Administrative Segregation, his disciplinary hearing for possession of a weapon, and his placement in the Security Housing United for a term of ten months. On October 6, 2006, the court issued an order finding that Felipe's Complaint did not contain any claim upon which relief could be granted under 42 U.S.C. § 1983. Felipe was afforded an opportunity to file an amended

complaint.

On November 27, 2006, Felipe filed an Amended Complaint against R. Tune, J. Gracey, B. Barns, R. L. Johnson, M. Carrasco, D. Chapman, B. Silva, G. Hargrove, K. Todd, S. Whitlach, J. L. Cobb, V. Resendez, Bowers, and a John Doe. Felipe raised claims of retaliation, conspiracy, and the denial of due process arising out of the alleged possession of a weapon offense. The Amended Complaint also included claims related to a June 17, 2005, incident regarding the alleged finding of inmate-made alcohol , i.e., pruno. On August 28, 2007, the court ordered that the action could proceed on Felipe's November 27, 2006, Amended Complaint against Defendants Tune, Gracey, Barns, Johnson, Carrasco, Chapman, Silva, Hargrove, Todd, John Doe, Resendez, and Bowers for retaliation, in violation of the First Amendment. The court dismissed with prejudice Felipe's conspiracy and due process claims and dismissed Defendant Whitlach and Cobb from the action. On June 5, 2008, Defendants filed an Answer.

Defendants assert that while in general population at the California Correctional Institution ("CCI") in Tehachapi, California, Felipe, a representative of the Men's Advisory Council, filed multiple inmate grievances regarding the conditions of confinement.

In his Amended Complaint, Felipe alleges that, on June 17, 2005, Defendant Chapman, a correctional counselor, instructed Defendant Resendez, a correctional officer, to search Felipe's cell in retaliation for filing a group appeal.[1] Defendants assert that Chapman requested Resendez to interview Felipe in response to one of his inmate appeals. Resendez and Defendant Bowers, another correctional officer, arrived in Felipe's cell and ordered Felipe and his cellmate, inmate Santana, to go to the law library while they searched their cell.

Felipe alleges that, when Felipe and Santana returned to their cell, they discovered planted pruno in the top bunk area. Defendants assert that, when Felipe and Santana

---

[1]The Amended Complaint states the date of July 17, 2005, on page 3I; however, on pages 3U and 3W, the Amended Complaint indicates the incident occurred on June 17, 2005. The Motion for Judgment on the Pleadings refers to the incident on June 17, 2005.

- 2 -

attempted to dispose of the contents of the brown bag, i.e., the pruno, Resendez, Bowers, and Correctional Sergeant Peters arrived at the cell and ordered Felipe and Santana to give them the bag. Correctional staff issued Felipe and Santana a rules violation report for possession of inmate-made alcohol.

On July 11, 2005, Felipe signed an Inmate Appeal Form. The prison appeals office records indicate that their office received, on July 13, 2005, and accepted for review a grievance which alleged that a correctional officer placed inmate-manufactured alcohol in the inmate's cell in retaliation for the inmate complaints that he had filed. Relief was denied on August 1, 2005.[2] On August 21, 2005, Felipe signed a request for a Second Level Review. Relief was denied on September 12, 2005; that response was returned to Felipe on September 14, 2005.[3]

The Inmate Appeal Branch ("IAB") records indicate that a grievance alleging that correctional officers had placed pruno in Felipe's cell as retaliation for his prior inmate appeals was screened out because it was missing documents. The records indicate that the IAB received the grievance from Felipe on October 6, 2005, and that it was screened out on December 10, 2005. The IAB records indicate Felipe resubmitted his grievance; the IAB received the resubmitted appeal on December 29, 2005. On March 23, 2006, the IAB completed the Director's Level decision; relief was denied.

On August 12, 2008, Defendants filed a Motion for Judgment on the Pleadings requesting that Felipe's claims against Chapman, Resendez, and Bowers be dismissed for failure to exhaust administrative remedies before filing the initial complaint on January 27, 2006.[4] A response, reply, and sur-reply have been filed.

---

[2] While the decision is dated July 27, 2005, it was signed on August 1, 2005.

[3] Although the response was dated September 6, 2005, it was signed on September 12, 2005.

[4] The Motion for Judgment on the Pleadings does not address Felipe's claims against Defendants Carrasco, Chapman, Silva, Hartgrove, Todd, Tune, Johnson, and Barns regarding the discovery of a weapon in his toilet.

1  *Motion for Judgment on the Pleadings*

2        Fed.R.Civ.P. 12(c) provides that, "[a]fter the pleadings are closed – but early enough
3  not to delay trial – a party may move for judgment on the pleadings." Dismissal through a
4  motion for judgment on the pleadings is appropriate "'only if it is clear that no relief could
5  be granted under any set of facts that could be proven consistent with the allegations.'"
6  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988), *quoting Hishon v. King*
7  *& Spalding*, 467 U.S. 69, 73 (1984). When the moving party is entitled to judgment as a
8  matter of law when, even if all of the material facts in the pleading under attack are true,
9  judgment on the pleadings is appropriate. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
10  *Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "All allegations of fact of the opposing party are
11  accepted as true." *Austad v. United States*, 386 F.2d 147, 149 (1967). Furthermore, all
12  inferences reasonably drawn from the alleged facts must be construed in favor of the
13  responding party. *General Conference Corp. of Seventh-Day Adventists v. Seventh Day*
14  *Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). However, conclusory
15  allegations are insufficient to defeat a motion for judgment on the pleadings. *McGlinchy*,
16  845 F.2d at 810. The Ninth Circuit has held that the failure to exhaust nonjudicial remedies
17  "should be treated as a matter in abatement subject to an unenumerated Rule 12(b) motion."
18  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

19        The Court notes that Motion for Judgment on the Pleadings requests the Court to
20  "dismiss Felipe's claim of retaliation and conspiracy to retaliate" against Defendants because
21  Felipe failed to exhaust his administrative remedies. However, the Court's August 28, 2007,
22  Order, in adopting the Report and Recommendation, found that the Amended Complaint was
23  devoid of any facts supporting the existence of a conspiracy; the conspiracy claims were
24  dismissed. The Court will grant the dismissal as to this claim in confirmation of the Court's
25  prior order.

26  . . . . .

27  . . . . .

28

- 4 -

1 *Failure to Exhaust Administrative Remedies*

2 Ordinarily, plaintiffs pursuing civil rights claims under 42 U.S.C. § 1983 need not
3 exhaust the administrative remedies available to them. *Patsy v. Bd. of Regents*, 457 U.S. 496,
4 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). However, Congress replaced this "general rule
5 of non-exhaustion," with a "general rule of exhaustion" for all prisoner suits based on federal
6 law. *Porter v. Nussle*, 534 U.S. 516, 525 n. 4, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Indeed,
7 prisoners are required to exhaust administrative remedies before bringing suit under 42
8 U.S.C. § 1983:

9
10 > No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

11 42 U.S.C. § 1997e(a). Exhaustion in cases subject to §1997e is mandatory. *Porter*, 534 U.S.
12 at 524, 122 S.Ct. at 983; *Wyatt v. Terhune*, 315 F.3d at 1119. Moreover, futility or other
13 exceptions to the exhaustion requirement do not apply. *Booth v. Churner*, 532 U.S. 731, 741
14 n. 6, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001)

15 The Ninth Circuit Court of Appeals has found that exhaustion under 42 U.S.C. §
16 1997e(a) is an affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).
17 That court has also determined that the claims must be exhausted before filing suit.
18 *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (permitting exhaustion *pendente*
19 *lite* will inevitably undermine them). Additionally, this Court "may look beyond the
20 pleadings and decide disputed issues of fact" when considering a motion to dismiss for
21 failure to exhaust administrative remedies under the PLRA. *Wyatt v. Terhune* 315 F.3d at
22 1120; *see also Ritza v. Int'l Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369
23 (9th Cir. 1988) (because no presumption of truthfulness attaches to Plaintiff's allegations in
24 such matters, the court may resolve any disputed material facts before proceeding further).

25 The State of California provides its prisoners and parolees the right to administratively
26 appeal "any departmental decision, action, condition or policy perceived by those individuals
27 as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To exhaust
28 available administrative remedies under this procedure, a prisoner must proceed through an

1   initial informal level, and three formal levels of review, culminating in a Director's Level
2   Decision. Cal. Code Regs. tit. 15 § 3084.5; *Barry v. Ratelle*, 985 F.Supp. 1235, 1237
3   (S.D.Cal. 1997). A final decision at the Director's level satisfies the exhaustion requirement
4   under section 1997e(a). *Barry*, 985 F.Supp. at 1237. Generally, a prisoner may not seek a
5   Director's Level Decision without completing a second level review. Cal. Code Regs. tit.
6   15, § 3084.5(c).

7   Felipe filed his initial complaint on January 27, 2006, approximately two months
8   before his administrative remedies regarding his claim alleging that Chapman, Resendez, and
9   Bowers planted alcohol in his cell were completed. However, Felipe asserts that he was
10  unable to exhaust his administrative remedies regarding the pruno incident because he did
11  not timely receive a Director's Level review of his administrative appeal. Felipe asserts, in
12  his Sur-Reply, that there is no rule or regulation that states that when an appeal is returned
13  to an inmate the time limits are disregarded or restarted. The Department of Corrections and
14  Rehabilitation Regulations ("DCRR") provide that an appeals coordinator "shall prior to
15  acceptance for review screen and categorize each appeal originating in their area for
16  compliance with [the] regulations[.]" Cal. Code Regs. tit. 15, § 3084.3(a). Further, an appeal
17  may be rejected if the "appeal is incomplete or necessary supporting documents are not
18  attached." Cal. Code Regs. tit. 15, § 3084.3(c)(5). The time limit for reviewing an appeal
19  commences "upon the date of receipt of the appeal document by the appeal coordinator[.]"
20  Cal. Code Regs. tit. 15, § 3084.6(a). Furthermore, "[t]hird level responses shall be completed
21  within 60 working days." Cal. Code Regs. tit. 15, § 3084.6(b)(4). However, Felipe does not
22  explain, if he actually believed that his third level appeal was not timely ruled upon, why he
23  did not include this claim in the original Complaint.[5] Indeed, in his Reply, Felipe cites to
24  *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004), in support of his
25  assertion that administrative remedies are exhausted if prison officials fail to timely respond

---

[5] Under Felipe's analysis, his claim would have been exhausted on January 5, 2006, 60 working days after his initial third level grievance was received by the IAB.

- 6 -

to properly filed grievances. In other words, it appears that Felipe knew that the time limits for disposition of the appeal did not commence until he submitted all necessary documents.

Nonetheless, the regulations provide that the appeals coordinator is to screen an appeal before *accepting* it for review. However, the time for reviewing an appeal commences upon the date of the *receipt* of the appeal document. The issue, therefore, is whether an incomplete appeal constitutes an "appeal document." Cal. Code Regs. tit. 15, § 3084.2 sets forth the requirements of an appeal. This includes supporting documentation necessary to clarify the appeal. Cal. Code Regs. tit. 15, § 3084.2(a)(2). Moreover, Felipe attached to his Amended Complaint the December 10, 2005, notification from the IAB that Felipe's appeal was incomplete. In other words, the regulations provided notice to Felipe what was required to constitute an appeal document. Moreover, Felipe had been advised that his appeal had not been properly filed. Felipe's reliance on *Boyd* fails to consider that the exhaustion found in that case was based on a properly filed grievance. Furthermore, unlike in *Boyd*, Felipe was advised that his appeal had been rejected, Felipe was informed why his appeal had been rejected, and Felipe was permitted to resubmit a properly filed grievance/appeal. The Court finds that an appeal document means a properly filed appeal document. Therefore, an appeal document cannot be said to have been received unless it is a properly filed appeal document.

Felipe also asserts that he waited to include the claims regarding this incident in his Amended Complaint until after he had exhausted his administrative remedies against all Defendants. Indeed, in his Sur-Reply, Felipe asserts that he was acting in good faith and that he only added the additional Defendants in this action because the Court permitted Felipe to amend the complaint. However, the Ninth Circuit has made it clear that exhaustion may not be completed while a lawsuit is pending. *McKinney*, 311 F.3d at 1200-01. That Felipe may have been acting in good faith does not alter that requirement. Felipe further asserts that the court's prior order permitted him to proceed with the action; i.e., the court's screening order permits this claim to go forward. However, a defendant's request for a dismissal is "not foreclosed by the issuance of a sua sponte screening providing that the prisoner has stated

a claim[.]" *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D.Cal. 2007).

The Court finds Felipe did not exhaust his administrative remedies as to the pruno claim prior to initiating this lawsuit. Exhausting the claim while the lawsuit is pending is not permitted. *McKinney*, 311 F.3d at 1200-01. Dismissal of this claim without prejudice is appropriate. *Id*., 311 F.3d at 1199-1200.

Accordingly, IT IS ORDERED:

1. Defendants' Motion for Judgment on the Pleadings [Doc. # 46] is GRANTED.
2. Felipe's retaliation claim based on the June 17, 2005, pruno incident is DISMISSED WITHOUT PREJUDICE.
3. Defendants V. Resendez and Bowers are DISMISSED from this action.
4. The conspiracy to retaliate claim is DISMISSED WITH PREJUDICE as set forth in the Court's August 28, 2007, Order.

DATED this 3rd day of February, 2009.

_____
Cindy K. Jorgenson
United States District Judge