IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSALIO FELIPE,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　No. 1:06-CV-00086-CKJ
vs.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　**ORDER**
T. SURGEES, et al.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　)
────────────────────────────────

On March 18, 2009, Plaintiff Rosalio Felipe filed a Notice of Voluntary Dismissal [Doc. # 59]. Plaintiff states, *inter alia*:

> Plaintiff[] has relied and depended on a few jailhouse lawyers that assisted but, at this time the plaintiff does not know how to continue litigation and therefore it is in the best interest of the plaintiff to voluntarily dismiss this matter before this court. I the Plaintiff would like to respectfully ask this court to grant the plaintiff this motion to dismiss this case voluntarily.
>
> Plaintiff[] does not have any help or tutor to brief him and guide him through this civil case. Plaintiff[] files this notice in the court in hope that the right decision can be made by the court of either appointing counsel to the plaintiff or another remedy that would allow the plaintiff to proceed with this matter accordingly.

Notice, pp. 1-2. Plaintiff appears to be requesting this Court to reconsider his Motion for Appointment of Counsel [Doc. # 31]. Alternatively, Plaintiff requests this matter be dismissed.

The Court has discretion to reconsider and vacate an order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986). However, motions for reconsideration

are disfavored. *See generally Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Indeed, a motion for reconsideration is not to be used to ask a court "to rethink what the court had already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for reconsideration to cases where the court has patently misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court, where the court has made an error not of reasoning but of apprehension, or where there has been a controlling or significant change in the law or facts since the submission of the issue to the court); *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

In his Notice of Voluntary Dismissal, Plaintiff asserts he does not know how to proceed in this civil matter and has no assistance from jailhouse lawyers. In denying Plaintiff Motion for Appointment of Counsel, the court stated that it must determine whether exceptional circumstances exist by "'evaluating both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" April 30, 2008, Order, pp. 1-2, quoting *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). The court did not find exceptional circumstances in this matter.

Plaintiff has not presented any basis for this Court to conclude otherwise. Indeed, this Court finds that Plaintiff's difficulty in presenting his claims *pro se* is not based on the complexity of the legal issues involved but rather on the general difficulty of litigating *pro se. See generally Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Furthermore, Plaintiff has done a credible job in presenting motions and filing supporting papers on behalf of his case. *Jackson v. Dallas Police Dept.*, 811 F.2d 260 (5th Cir. 1986). Additionally, the Court considers that Plaintiff has made no showing that he has attempted to obtain counsel on his own. The Court does not find it appropriate to seek volunteer counsel at this time.

The Court, therefore, will grant Plaintiff's request to voluntarily dismiss this matter. *See* F.R.Civ.P. 41 (unless otherwise stated, a stipulated dismissal is without prejudice); *see*

1 | *also Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995).[1]

Accordingly, IT IS ORDERED:

1. Plaintiff's Notice of Voluntary Dismissal [Doc. # 59] is GRANTED.
2. This matter is DISMISSED.
3. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 24th day of March, 2009.

_____
Cindy K. Jorgenson
United States District Judge

---

[1] Because the Court has also considered Plaintiff's request for an attorney, the Court will direct the Clerk of the Court to enter judgment in this matter.